IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In Re:
JAMES OLIVETTE EZELL,            Case No. 16-4389-JCO
   Debtor.

_____

MEMORANDUM OPINION AND ORDER

      The Court has before it two matters, Debtor's Objection to Claim of Ocwen Loan Servicing, LLC Servicer for Wells Fargo Bank, National Association as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-OSI (hereinafter "Ocwen"), (Doc. 54), and Ocwen's Amended Objection to Confirmation. (Doc. 88). These Objections have been fully briefed by the parties (*see* Docs. 14, 48, 119, 136, 174, 177, 184).

      On December 6, 2018, Debtor filed a complaint in the United States District Court of New Jersey alleging the same facts and requesting the same theories for relief as raised herein, all of which are grounded in the application and interpretation of New Jersey law regarding mortgages. On June 5, 2019, the undersigned entered an Order requiring the parties to appear on June 26, 2019 and show cause why this Court should not abstain under 11 U.S.C. § 305 from the determination of this question of New Jersey state law to allow the United States District Court for New Jersey to resolve this issue.

      The case was called for hearing; on behalf of the Debtor was attorney James Patterson. For Ocwen was attorney Shaun Ramey. After an extensive review of the

record in its entirety,[1] and having heard from counsel for the parties neither of whom objected to abstention, this Court concludes that judicial economy and comity between courts warrants abstention as to these pending matters involving New Jersey law.

Application

Despite its broad jurisdictional powers, Congress did not intend for bankruptcy courts to become courts of general jurisdiction where any matter is heard as long as debtor is somehow involved. Section 305 of the Bankruptcy Code grants significant discretion to the bankruptcy courts to decline to exercise jurisdiction over a case filed under Title 11, even when jurisdiction is otherwise appropriate. *In re Efron*, 535 B.R. 505 (Bankr. D.P.R. 2014), *aff'd,* 529 B.R. 396 (B.A.P. 1st Cir. 2015). Though abstention is an extraordinary remedy, it is appropriate where the interests of all the parties are best served by dismissal or suspension. 11 U.S.C. § 305(a)(1). Abstention may be raised on the Court's own motion, and a court must determine whether abstention is in the best interests of the parties. *See In re ELRS Loss Mitigation*, 224 B.R. 104, 107–08 (Bankr. E.D.Mo. 1998). The statute does not define "best interests of the creditors and the debtor," but courts that have applied § 305 have relied on four factors in applying the "best interests" test. These factors are applied on a case by case basis: (1) whether there is a pending state law proceeding, (2) whether another forum is better suited to decide the case, (3) whether the case is a two party dispute, and (4) whether resolution of the case involves interpretation of state law. *Efron* at 510-11.

---

[1] The record as it relates to Ocwen's Proof of Claim (Claim 6-1) and Ocwen's Objection to Confirmation (Doc. 88) well exceeds 1,000 pages.

Applying these factors to the present case, this Court concludes that abstention is appropriate. The Debtor filed a lawsuit in the District Court of New Jersey on December 6, 2018, raising the same facts and requests for relief as raised in his objection to claim in this bankruptcy case. The determination of these issues hinge exclusively on New Jersey mortgage law, and this Court finds that the District of New Jersey is the most appropriate forum to resolve this dispute. Though the case in the District of New Jersey was stayed due to the instant bankruptcy case, the parties may still proceed with that case, as the undersigned grants relief from the stay for that case to move forward.

Therefore, having considered the record before it and having heard from the parties, and there being no objections raised by any party, this Court hereby ABSTAINS from the determination of issues raised in the pending matters. The stay is hereby lifted for the parties to proceed before the District Court of New Jersey.

Dated: June 27, 2019

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE

3
Case 16-04389    Doc 220    Filed 06/27/19    Entered 06/27/19 16:45:14    Desc Main
Document      Page 3 of 3