IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*In re:*

JAMES OLIVETTE EZELL,                                          Case No.: 16-4389-JCO
                                                                        Chapter 13

Debtor.                     MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Chapter 13 Trustee's Motion To Close Case

Without A Discharge and Impose An Injunction Against Further Filings ("Trustee's Motion").

(Doc. 407).[1]  Pennymac Loan Servicing and Pennymac Corporation joined in support of the

Motion (Doc. 408). Based on the record, the pleadings, and the exhibits, this Court finds that the

Trustee's Motion is due to be GRANTED for the reasons set forth below.


## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and

the Order of Reference of the District Court dated August 25, 2015. This is a core proceeding

pursuant to 28 U.S.C. §157(b)(2) and the Court has authority to enter a final order.


## BACKGROUND AND FINDINGS OF FACT

The Debtor, James Ezell ("Ezell"), filed the above-styled Chapter 13 bankruptcy

proceeding on December 19, 2016.  Ezell's bankruptcy schedules listed interests in various

properties including: 361 Starling Drive, Grove Hill, Alabama, 1112 Monroe Avenue ("1112

---

[1]Cites to "doc." herein refer to the ECF docket numbers in the above-styled Chapter 13 bankruptcy of James
Olivette Ezell unless otherwise noted.

1

Monroe"), Asbury Park, New Jersey, and 1113-1115 Monroe Avenue ("1113-1115 Monroe"), Asbury Park, New Jersey. (Doc. 1 at 29, 30). Ezell claimed a homestead exemption in the Starling Drive property. (*Id.* at 37). In addition to social security and worker's compensation, Ezell's schedules list rental income of $1,500.00 from 1112 Monroe and $3,700.00 from 1113-1115 Monroe. (Doc. 46). Ezell's confirmed Chapter 13 plan did not propose to make mortgage payments on 1112 Monroe or 1113-1115 Monroe during the pendency of this case. (Docs. 223, 239). No payments were remitted by the Chapter 13 Trustee on the mortgage proof of claims filed by Wells Fargo (ECF Claim No. 6-1) and PennyMac (ECF Claim No. 7-1).(Doc. 268).

### *Procedural History Of Wells Fargo's Claim In This Case*
### *(1112 Monroe Property)*

On May 01, 2017, Wells Fargo, by and through Ocwen Loan Servicing LLC, filed a proof of claim (ECF Claim No. 6-1) ("Wells Fargo Claim") reflecting a secured debt of $323,620.37 and pre-petition arrears of $19,237.57 based on a mortgage and promissory note on 1112 Monroe. On August 4, 2017, Ezell objected to the Wells Fargo Claim contending that he did not owe the mortgage and Wells Fargo was not the proper party to collect. (Doc. 48). On June 27, 2019, this Court entered a Memorandum Opinion and Order abstaining from adjudicating Ezell's claim objection because: (1) Ezell had filed a lawsuit in the United States District Court of New Jersey on December 6, 2018[2] raising the same facts and requests for relief; (2) determination of the pending issues hinged exclusively on New Jersey mortgage law; and (3) the District of New Jersey was a more appropriate forum to resolve the dispute. (Doc. 220). Ezell was represented by counsel at the hearing of the matter and did not object to abstention.(Doc. 220 at 2). Thus, this Court lifted

---

[2] *Ezell et al v. Ocwen Loan Servicing, LLC et al.,* No. 3:18-cv-16929-MAS-LHG (D.N.J.)

the automatic stay for the parties to proceed with the action which Ezell had initiated in New Jersey. *Id.* at 3.

## *Procedural History Of Pennymac's Claim In This Case*
### *(1113-11115 Monroe Property)*

On May 2, 2017, PennyMac filed a proof of claim (ECF Claim No.7-1)("PennyMac Claim") reflecting a secured debt of $428,036.34 and pre-petition arrears of $230,968.53 based on a mortgage and promissory note on 1113-1115 Monroe. Ezell objected to PennyMac's claim (ECF Claim No. 7-1) contending that he did not owe the mortgage because of "mortgage litigation" and a lack of servicing rights or ownership of the loan. (Doc. 49). PennyMac filed various pleadings, objecting to confirmation, seeking relief from the automatic stay, and requesting summary judgment on Ezell's claim objection. (Docs. 22, 66, 127).

On June 5, 2019, this Court entered a Memorandum Opinion and Order Granting PennyMac's Motion for Relief from Stay. (Doc. 214). The Opinion explained that the PennyMac mortgage dispute should be adjudicated by the Superior Court of New Jersey ("Superior Court") because: (1) the parties had already been litigating the issues for more than a decade (nearly to conclusion) in the Superior Court; (2) re-litigation in bankruptcy court would cause undue hardship, unnecessary delay, duplicitous litigation, and additional costs; (3) the state court's expertise in the area of New Jersey mortgage law as well as the principles of judicial economy and comity favored allowing the state court to decide the issues presented; and (4) resolution of the state court proceeding would assist this Court, not be prejudicial, and benefit all creditors by an expeditious resolution of the matter. *Id.* Thus, this Court granted PennyMac's Motion for Relief

for the parties to resolve the outstanding disputes related to the mortgage in the pre-petition litigation pending in the Superior Court.[3]

## *Post Abstention And Relief From Stay*

After this Court abstained from hearing the disputes regarding the validity of the Wells Fargo and PennyMac Mortgages and granted relief for the parties to complete the litigation in New Jersey, Ezell filed an Amended Plan in this case. (Doc. 223). The Amended Plan did not propose to pay the claims of Wells Fargo or PennyMac and provided that their respective claims, "will not pay out until resolution of the litigation . . . at the conclusion of those cases, the Debtor will amend the plan to treat the claims if necessary." (Doc. 223 at 3). This case was completed on or about December 11, 2020. (Doc. 256). The Trustee's Final Report, filed April 13, 2021, reflects that unsecured creditors were paid in full and no payments were made to Wells Fargo or PennyMac on their mortgage claims. (Doc. 268). This case was closed on May 18, 2021, without a discharge based on Ezell's failure to comply with Show Cause Orders requiring submission of a Certification of Completion of Instructional Course Concerning Personal Financial Management and Motion for Discharge for Chapter 12 and 13 Cases under 11 U.S.C. 1228 and 1328 and Debtor(s) Certifications Regarding Discharge Eligibility, Domestic Support Obligations and Section 522(q)(collectively, the "Required Documents"). (Docs. 84, 172, 257, 261, 271).

---

[3] See Doc. 214 (citing *PennyMac Corp. v. James Ezell,* Case No. F-48546-08 (Super. Ct. N.J. Ch.)).

On November 8, 2022, Ezell moved to Reopen this case to submit the Required Documents and receive a discharge (Doc. 275). Unbeknownst to this Court, at the same time Ezell sought to reopen this case, he had another Chapter 13 pending in New Jersey.[4] This case was reopened on December 12, 2022, for the sole purpose of allowing Ezell sixty (60 days) to file the Required Documents to obtain a discharge.(Doc. 282).

The record reflects that as of the date of this Order, Ezell still has not filed the necessary documents to receive his discharge.[5] Instead, Ezell has filed a multitude of pleadings attempting to rehash purported disputes with Wells Fargo and PennyMac related to the validity of their mortgages. (Docs. 287, 288, 294, 295). PennyMac and PHH Mortgage Corporation ("PHH"), as successor by merger to Ocwen Loan Servicing, LLC as servicing agent for Wells Fargo Bank

---

[4] This court takes judicial notice of the following CM/ECF public records for the District of New Jersey reflecting that:

(1) James Olivette Ezell filed a Chapter 11 individual bankruptcy on August 5, 2019, in the United States Bankruptcy Court for the District of New Jersey (Case No. 19-25148). Such case was pending simultaneously with this Case until the New Jersey Chapter 11 was dismissed on October 3, 2019 for failure to make payments.

(2) James Olivette Ezell filed a Chapter 13 bankruptcy on January 26, 2022, in the United States Bankruptcy Court for the District of New Jersey (Case No. 22-10627). Such case was pending at the time Ezell sought to reopen this Case. Ezell contested the validity of the PHH Mortgage during the pendency of the New Jersey Chapter 13 and the court permissively abstained from all matters related to the PHH mortgage and vacated the automatic stay to permit PHH to resume and prosecute case number SWC F-027849-16 in New Jersey Superior Court, to pursue its rights in 1112 Monroe. The New Jersey Chapter 13 was dismissed on February 2, 2023. Thereafter, Ezell filed a Motion to Vacate such dismissal on February 28, 2023 (again seeking to have two bankruptcy cases pending at the same time) and his motion was denied April 20, 2023.

(3) During the pendency of the New Jersey Chapter 13, Ezell filed an Adversary Proceeding against PHH Mortgage on July 27, 2022, in the United States Bankruptcy Court for the District of New Jersey. (AP Case No. 22-1243) attempting to contest the PHH mortgage, which was also disposed of by the Bankruptcy Court's abstention order in the main bankruptcy case. Ezell appealed the bankruptcy court's abstention and the United States District Court for the District of New Jersey affirmed the bankruptcy court's decision.

[5] The docket does not reflect submission of the Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management

5

(collectively "Mortgage Creditors"), filed responses to the pleadings that Ezell filed after this Case was reopened, as well as motions to withdraw their proof of claims. (Docs. 304, 307, 313, 318). The Mortgage Creditors contend that this Court should not entertain Ezell's attempts to relitigate issues involving the validity of their mortgages because; it previously abstained and directed the parties to proceed with the litigation in New Jersey, and Ezell's purported disputes have already been or are due to be adjudicated in New Jersey. (*Id.*)

## *Chapter 13 Trustee's Motion To Close This Case*

On October 12, 2023, the Chapter 13 Trustee moved to close this case without a discharge and impose an injunction against further filings. (Doc. 407). In support of his Motion, the Trustee indicated that: (1) Ezell's objections have already been adjudicated in numerous forums on multiple occasions; (2) further hearings are barred by the *Rooker-Feldman* Doctrine as well as *res judicata*; (3) even if the objections were not barred, they are moot because no funds were paid on the claims; (4) no reason exists to continue to keep this case open; and (5) due to the frivolous nature of Ezell's filings and continued abuse, he should be enjoined from further filings in this Court for a period of not less than one year. The Trustee's Motion, and exhibits thereto, detail a long history of duplicative, yet unsuccessful, attempts by Ezell to attack the validity of the Pennymac and Wells Fargo Mortgages in state court, federal court, and bankruptcy courts. The authenticity of the Exhibits submitted in support of the Trustee's Motion is evident from the docketing information therein reflecting not only the court jurisdictional information but also the case and document numbers. The Debtor has not responded to the Trustee's Motion or objected to admissibility of such exhibits in this proceeding. Additionally, this Court has verified the accuracy

Case 16-04389   Doc 427   Filed 04/01/24   Entered 04/01/24 14:08:03   Desc Main
Document    Page 6 of 21

of the exhibits through online court databases and finds it appropriate to takes judicial notice of the same.

## *History Of Litigation In Other Courts*

Ezell has attempted to litigate essentially the same complaints in multiple courts for the past 15 years. A brief and non-exhaustive list of such litigation is below.[6]

1. A foreclosure proceeding initiated by PennyMac on December 8, 2008, in the Superior Court of New Jersey, Chancery Division.[7] The Honorable Judge Patricia Del Bueno Cleary granted Pennymac summary judgment on the complaint and Ezell's counter-claims on January 8, 2016. (Doc. 407-6, Ex. F). Thereafter, Ezell sought reconsideration and Judge Cleary denied such request noting in her oral ruling that, "PennyMac owns the note, has possession and control of the note, and, therefore, has standing to foreclose on the Ezell's property." (Doc. 407-7 at 6).

2. Litigation initiated by Ezell on May 6, 2016, in the District Court for the Western District of Louisiana against employees of JP Morgan Chase (predecessor in interest to Pennymac).[8] The litigation was removed to the District Court for the Western District of Louisiana and subsequently dismissed with prejudice on March 3, 2017, with the court finding Ezell was not entitled to relief under any theory of recovery. (Doc. 407-10).

3. Litigation initiated by Ezell in the United States District Court for the District of New Jersey on December 6, 2018 (during the pendency of this case without disclosure, approval of this Court, or employment of Debtor's counsel) against Ocwen and Wells Fargo.[9] The proceeding was

---

[6] The Adversary Proceedings recently filed by Ezell in this Court (AP Nos. 24-1005,24-1007, 24-1008, 24-1009 and 24-1010) will not be addressed in this Order.
[7] *PennyMac Corp. v. James Ezell*, Case No. F-48546-08 (Super. Ct. N.J. Ch.).
[8] *James and Sonia Ezell v. Angela Ruth Payne, et al*, No. 2016-cv-1166 (D.Ct. W.D. La.)
[9] *James and Sonia Ezell v. Ocwen Loan Servicing and Wells Fargo Bank, N.A.*, No. 3:18−CV−16929−MAS−LHG (D.Ct. N.J.).

stayed due to Ezell's bankruptcy proceedings. As noted above, this Court granted relief for the parties to continue with such litigation. (Doc. 220). Yet it appears that Ezell failed to prosecute the action.

4. Litigation initiated by Ezell on January 31, 2018, (again during the pendency of this bankruptcy without disclosure, approval of this court, or employment of Debtor's counsel) against Pennymac and Ocwen in the United States District Court for the District of New Jersey arising from the same facts and allegations in the instant bankruptcy.[10] The district court dismissed such proceeding, "on the grounds that the "federal claims [are] barred by the *Rooker-Feldman* Doctrine and/or applicable statutes of limitations" and declined to exercise supplemental jurisdiction over state law claims. (Doc. 407-14).

5. A Chapter 11 bankruptcy filed by Ezell in the United States Bankruptcy Court for the District of New Jersey on August 5, 2019, again, while this case was pending before this Court.[11] The New Jersey Bankruptcy Court granted relief from the automatic stay related to the PennyMac Mortgage[12] allowing the Creditor to pursue its state court remedies and providing in rem relief as to 1113-1115 Monroe for two years in the event of any bankruptcy filed subsequent to the commencement of the case. (Docs. 407-15, 407-16, 407-17).

6. A Chapter 13 bankruptcy filed by Ezell in the United States Bankruptcy Court for the District of New Jersey on January 26, 2022, in which the court permissively abstained to allow the

---

[10] *Ezell v. JP Morgan Chase Bank National Association*, et al, No, 3:18-cv-01407-FLW-DEA, (D.Ct. N.J.).
[11] *In re James Olivette Ezell*, Case No. 19-25148 (Bankr. D. N. J.)
[12] At the time of this litigation, the movant Creditor was 1900 Capital Trust III (a successor in interest to PennyMac); however for ease of reference, this Court will continue to refer to the mortgage as the PennyMac Mortgage.

8

disputes related to the Wells Fargo Mortgage to be resolved in a pending New Jersey State Court proceeding.[13]  Judge Gravelle noted the following in her December 7, 2022 Letter Decision,

> . . . [t]he [Wells Fargo] Foreclosure Case was filed in the state court on October 12, 2016. Default was entered on June 11, 2021. Mr. Ezell filed a contesting answer with counterclaims along with a motion to vacate default and other filings on August 5, 2021. Those matters were carried until being withdrawn by the state court in August 2022 due to the bankruptcy filing . . .

(Doc. 407-26 at 3)

> . . . Pursuant to 28 U.S.C. §1334(c)(1), a bankruptcy court may abstain from hearing a proceeding as follows: Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11 …

(*Id*. at 8)

> . . . Another critical distinction between mandatory and permissive abstention for purposes of this case is that unlike section 1334(c)(2), section 1334(c)(1) indicates that permissive abstention applies to both core and non-core proceedings . . . [t]herefore, a bankruptcy court may permissively abstain from any proceeding over which it has jurisdiction…

(*Id.* at 12)

> . . . The bankruptcy courts are not intended to provide an alternative venue solely for the purpose of foreclosure litigation which could otherwise be resolved in a more specialized court. To accept this interpretation of core proceeding would provide a codified avenue for forum shopping . . .

(*Id.* at 13, 14)

> . . . Mr. Ezell's bankruptcy filing appears to be an instance of forum shopping, a factor which is also extremely persuasive to the Court. As stated, there is very little reason for this bankruptcy case except to challenge the secured claims against the Property and Second Property . .

(*Id.* At 14)

---

[13] *In re Ezell*, No. 22-10627 (Bankr. D. N. J.)(*See* Judge Gravelle's Letter Decision  (doc. 407-26)(citing the pending foreclosure action in the Superior Court of New Jersey styled *Wells Fargo v. Ezell, et al*, Case No F-027849-16); see also, docs. 407-28, 407-29, 407-30.

Ezell subsequently appealed and the District Court affirmed Judge Gravelle's decision.[14]

7. An Adversary Proceeding filed in the United States Bankruptcy Court for the District of New Jersey, by Ezell July 27, 2022 (again during the pendency of this bankruptcy without disclosure, approval of this Court, or employment of Debtor's counsel) seeking to attack the mortgages. The Adversary Proceeding was also disposed of by Judge Gravelle's Abstention as to all matters related to PHH (the Wells Fargo Mortgage). (Doc. 407-17).

Upon review of the above proceedings, this Court concludes that Ezell's claims and allegations in this case relate to the same nucleus of operative facts underpinning his previous attempts to contest the validity of the PennyMac and Wells Fargo mortgages. Many documents and pleadings contained in Ezell's voluminous filings are essentially the same.

### *Court Order Establishing Deadline To Respond To The Trustee's Motion To Close Case*

Ezell's recent contests to the mortgages and related claims of Wells Fargo and PennyMac last came before this Court on August 23, 2023. As Ezell had filed additional pleadings two days prior to the setting, which were not properly served, and he stated that he was not prepared to proceed with the hearing, no evidence was taken. At the setting, Ezell asserted that the Chapter 13 Trustee[15] had a duty to investigate the proof of claims. Subsequently, the Trustee filed the Motion To Close Case Without A Discharge And For Injunction Against Further Filings ("Trustee's Motion").(Doc.407). This Court entered an Order Establishing Deadlines For Response To The Trustee's Motion noting that the matters had been continued multiple times at

---

[14] *In re Ezell*, Civil Action No. 22-7404 (RK)(D.Ct. S.D. N.J.).
[15] The terms "Chapter 13 Trustee" and "Trustee" as referenced herein, unless otherwise noted, refers to Christopher T. Conte, the Chapter 13 Trustee for the Southern District of Alabama.

10

Ezell's request and allowing him until December 15, 2023 to file a response specifically addressing the allegations in the Trustee's Motion.(Doc. 409). Thereafter upon Ezell's request for additional time, an Amended Order Establishing Deadlines was entered which: (1) gave Ezell until February 23, 2024 to file a response to the Trustee's Motion; (2) prohibited further filings after the deadlines; and (3) provided that this Court would determine whether a hearing was necessary and may take the pending matters under advisement and issue a ruling without further notice or hearing. (Doc. 415.)

Rather than responding to the Trustee's Motion, Ezell filed numerous pleadings seeking to pursue "Omnibus Adversarial Proceedings" against a myriad of Defendants, including, but not limited to, PennyMac, Wells Fargo, their counsel of record, the Chapter 13 Trustee, a sitting Judge in the Superior Court of New Jersey, a former Judge, and the Superior Court Clerk. (Docs. 422,423,424,425, 426). The February 2024 Adversary Proceedings[16] will be addressed separately from this Order.[17] Consistent with the Amended Order Establishing Deadlines for Responding to the Trustee's Motion, this Court finds that no further hearing is necessary and this matter is ripe for adjudication.

## ANALYSIS

The Trustee requests closure of this case on the grounds that Ezell's allegations have already been adjudicated in numerous forums on multiple occasions and are barred, moot, and otherwise serve no legitimate purpose. (Doc. 407).  This Court finds that the Trustee's Motion is

---

[16] AP Nos. 24-1005, 24-1007, 24-1008, 24-1009, 24-1010.

[17] Although Ezell's filing (doc. 421) was initially docketed as a letter, he subsequently directed the Bankruptcy Clerk's Office to treat the filing as an Adversary Proceeding and filed the related cover sheet and documents (doc. 419, 420).  As Adversary Proceedings Nos.  24-1005, 24-1007, 24-1008, 24-1009 and 24-1010, were recently filed, this Court limits its analysis to the pending matters in the Chapter 13 case.

11

well founded because: (1) this Court has previously abstained from adjudicating Ezell's disputes of the mortgage debts; (2) rulings of other courts preclude this Court from re-litigating the same issues; (3) the pending Chapter 13 was completed and any further adjudication would have no effect on the administration of the case; and (4) the Debtor has not completed his financial management course.

### *Prior Rulings Of This Court Already Disposed Of Ezell's Pending Claim Objections*

This Court previously declined to adjudicate Ezell's contests of the PennyMac and Wells Fargo Mortgages and reconsideration of those rulings is not timely or warranted. On June 5, 2019, this Court granted PennyMac relief from the automatic stay to proceed with pre-petition mortgage litigation, which had been pending between the parties in the Superior Court of New Jersey since 2008. (Doc. 214). This Court's Memorandum Opinion explained that relief was warranted upon an analysis of the totality of the circumstances because: (1) starting over in this Court when the New Jersey court had already litigated these issues to near completion would work a substantial hardship on the parties;[18] (2) the New Jersey court possessed expertise to decide the issues related to New Jersey mortgage law; (3) allowing the parties to return to New Jersey to complete litigation would not prejudice the interests of other creditors; and (4) principles of judicial economy and comity favored relief. (Doc. 214 at 13-14).

Likewise this Court held that the District of New Jersey was the most appropriate forum for Ezell to adjudicate his claims related to the Wells Fargo Mortgage. (Doc. 220). This Court's June 27, 2019, Memorandum Opinion explained that "[d]espite its broad jurisdictional powers,

---

[18] The Opinion noted that as the New Jersey court had reached the point of near conclusion, redoing all of the discovery, the briefing, hearings, and trial in this District would be unnecessarily duplicitous.

Congress did not intend for bankruptcy courts to become courts of general jurisdiction where any matter is heard as long as the debtor is somehow involved. Section 305 of the Bankruptcy Code grants significant discretion to the bankruptcy courts to decline to exercise jurisdiction over a case filed under Title 11, even when jurisdiction is otherwise appropriate. *In re Efron*, 535 B.R. 505 (Bankr. D.P.R. 2014), aff'd, 529 B.R. 396 (B.A.P. 1st Cir. 2015)." (Doc. 220 at 2). Thus, this Court concluded that abstention was appropriate because Ezell filed a lawsuit in the United States District Court for the District of New Jersey on December 6, 2018, raising the same facts and requests for relief asserted in his objection to claim in this case; determination of the issues hinged exclusively on New Jersey mortgage law, and the District of New Jersey was the most appropriate forum to resolve the dispute.

In sum, this Court already abstained from Ezell's objections to the claims of Wells Fargo and PennyMac nearly five years ago. Ezell has not established and this Court does not find any rational justification or legal basis to rehash or nullify its prior orders holding that the New Jersey Courts are best suited to adjudicate the Debtor's contests of the PennyMac and Wells Fargo Mortgages on 1112 Monroe and 1113-1115 Monroe. Accordingly, Ezell's filings seeking to contest the mortgages or the proof of claims of PennyMac and Wells Fargo are mooted by this Court's prior rulings.

### *It Is Not Appropriate For This Court To Litigate Issues Which Have Already Been Decided Or Are Pending In Other State And Federal Courts.*

Even if this Court could reconsider its prior orders, the *Rooker-Feldman* Doctrine, res judicata, collateral estoppel, issue preclusion, and principles of judicial economy prevent this Court from litigating Ezell's contests of the PennyMac and Wells Fargo mortgages at this juncture. The *Rooker-Feldman* Doctrine provides that review of state court judgments may only be had by the

13

state appellate courts and the United States Supreme Court. See *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Ct.App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine has two statutory bases: (1) 28 U.S.C. §1257, which limits federal review of state court proceedings to the United States Supreme Court, and (2) 28 U.S.C. §1331, which provides that federal district courts are courts of original jurisdiction. *Casale v. Tillman*, 558 F 3d 1258 (11th Cir. 2009)(citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)). The doctrine applies not only to claims raised in the state court, but also to claims that were not raised in the state court but are inextricably intertwined with the state court's judgment. *Powell v. Powell*, 80 F.3d 464 (11th Cir.1996).

The doctrine of res judicata bars a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties are the same; and (4) the causes of action are the same. *TDY Indus., Inc. v. Kaiser Aerospace & Elec. Corp.*, 534 U.S. 827, 122 S.Ct. 66, 151 L.Ed.2d 33 (2001); *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir.2000); *Israel Disc. Bank, Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir.1992)). This bar pertains not only to claims that were raised in the prior action but also to claims that could have been raised previously. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1271 (11th Cir.2002); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999). For purposes of the analysis, causes of action are the same, when they arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir.2001).

Collateral estoppel, or issue preclusion, bars re-litigation of an issue previously decided in judicial or administrative proceedings thereby preserving judicial resources, lessening the cost and vexation of multiple lawsuits, and preventing the issuance of inconsistent decisions. *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993), as corrected on reh'g (June 22, 1993)(citing *Allen v.*

14

*McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)). Principles of judicial economy also require that judicial resources should not be spent by duplicitous litigation, and that a lawsuit should only be tried once. *In re Marvin Johnson's Auto Serv., Inc.*, 192 B.R. 1008, 1012 (Bankr. N.D. Ala. 1996).

Ezell's objection to PennyMac's claim is barred by the *Rooker-Feldman* Doctrine and res judicata. The Superior Court of New Jersey ("Superior Court") previously held that, "PennyMac owns the note, has possession and control of the note, and, therefore, has standing to foreclose on the Ezell's property" and issued a judgment of foreclosure. (Doc. 407-7). Then, the United States District Court for the District of New Jersey held that *Rooker-Feldman* barred Ezell's subsequent allegations contending that the creditor never lawfully owned the debt because that issue went to the heart of the Creditor's right to foreclose which had already been adjudicated by the Superior Court. (Doc. 407-14 at 11). The District Court noted that under *Rooker-Feldman*, lower federal courts are prohibited from serving as an appellate court for state court litigants to obtain a rehearing of an unfavorable ruling.

Thus, the proper mechanism for Ezell to contest the New Jersey Superior Court's ruling would have been a timely appeal to the New Jersey Appellate court. This Court agrees with the decision of the New Jersey District Court that *Rooker-Feldman* prohibits re-litigation of the same issues already decided by the state court. As the Superior Court has already held that PennyMac's mortgage is valid, it is beyond the jurisdiction of this Court to re-adjudicate matters related to Ezell's contest of PennyMac's mortgage.

Additionally, Ezell's contest related to PennyMac's mortgage in this case is precluded by res judicata. Ezell is prohibited from relitigating the validity of the PennyMac mortgage because the New Jersey Superior Court is a court of competent jurisdiction to adjudicate claims related to the validity of mortgages of New Jersey Property, the parties are the same, the basis for the claim

15

objections arise out of the same nucleus of operative facts, and the New Jersey court already held that the PennyMac mortgage is valid.

Ezell's contest related to the Wells Fargo's Mortgage in this case is also precluded by the principles of res judicata, issue preclusion, and judicial economy. Ezell has attempted to contest Wells Fargo's mortgage unsuccessfully in multiple forums. The Superior Court of New Jersey previously entered a judgment against Ezell in the state court foreclosure action. Although Wells Fargo agreed to vacate the judgment for further proceedings in New Jersey, Mr. Ezell sought to reopen this case and resurrect his prior contests before this Court.

Although Ezell did not disclose the pendency of his 2022 New Jersey Bankruptcy to this Court when he sought to reopen this case, he was served on December 7, 2022 with Judge Gravelle's Letter Decision holding that the previously pending New Jersey State Court Foreclosure Proceeding was the appropriate forum to adjudicate the disputes related to the mortgage. (Doc. 407-26 at 15). Ezell submitted himself to the jurisdiction of the New Jersey Bankruptcy Court by voluntarily filing Chapter 13, actively participated in the proceeding, and even unsuccessfully appealed the Decision holding that his disputes of the Wells Fargo mortgage should be decided by the New Jersey Superior Court in the pending state foreclosure action. He cannot now attempt to relitigate the same issues in this Court. Hence, the issue of the appropriate forum for Ezell to bring any contest to the Wells Fargo Mortgage has already been fully adjudicated. It would contravene the principles of res judicata, issue preclusion, and judicial economy for this Court to entertain the same issue already decided by another Federal Bankruptcy Court. This Court agrees with the rationale set forth in Judge Gravelle's Letter Decision and likewise concludes that it is simply not appropriate for this Court to consider matters related to Ezell's attempts to contest the PennyMac or Wells Fargo mortgages.

*Resolution Of Ezell's Disputes With The Mortgage Creditors  Is Not Necessary  For The*
*Administration Of This Case*

The purpose of chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of debts over an extended period. *In re Quiles*, 262 B.R. 191, 195–96 (Bankr. D.R.I. 2001)(denying confirmation when sole purpose of the bankruptcy was to attempt to strip a mortgage lien).  A Chapter 13 plan may not provide for a payment period exceeding five years,[19] is binding on all parties once confirmed,[20] and may not be modified after the debtor has completed making all the plan payments.[21]  For subject matter jurisdiction to exist in the bankruptcy court, there must be some nexus between the related civil proceeding and the bankruptcy case. 28 U.S.C.§1334(b); 28 U.S.C. §157; *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). The usual test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. *Transouth Fin. Corp. v. Murry*, 311 B.R. 99, 105–06 (M.D. Ala. 2004)(citing *Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.*), 910 F.2d 784 (11th Cir.1990).

Ezell's Chapter 13 plan was completed more than three years ago and this Court is not the appropriate jurisdiction to adjudicate any further disputes related to the PennyMac or Wells Fargo Mortgages.  Ezell's confirmed Chapter 13 plan did not even propose to pay the mortgage claims of PennyMac or Wells Fargo. (Doc. 233).  The Chapter 13 Trustee filed a notice of Chapter 13 Plan completion on December 11, 2020.  (Doc. 256). Consistent with the confirmed plan, the Chapter 13 Trustee did not make any payments to PennyMac or Wells Fargo throughout the

---

[19] 11 U.S.C. §1322(d).
[20] 11 U.S.C. §1327(a)
[21] 11 U.S.C. §1329(a)

duration of the Chapter 13 case while the unsecured creditors received full payment of their claims. (Doc. 270). It is now too late for Ezell to modify his Chapter 13 Plan. Adjudication of claim objections or other allegations related to the mortgage debts would have no effect on the administration of the bankruptcy estate. Ezell's insistence that this Court consider matters related to his contests of the mortgages is misplaced. The limited jurisdiction of this Court does not permit adjudication of state law matters which will have no effect on the bankruptcy case. To adjudicate these matters, even if they had not already been decided by other courts, exceeds the jurisdiction of the bankruptcy court and would not yield any benefit to the estate.

### *Injunctive Relief Is Warranted*

A bankruptcy court may impose an injunction where a debtor is abusing the protections of the Bankruptcy Code. *In re Smith*, 536 B.R. 478, 482 (Bankr. M.D. Ala. 2015); *In re Russell*, No. 12–80537, 2012 WL 5934648 (Bankr.M.D.Ala. Nov. 27, 2012); *In re Oliver*, 323 B.R. 769, 775(Bankr.M.D.Ala.2005); *In re Brown*,319 B.R. 691, 694 (Bankr.M.D.Ala.2005); *In re Sheila Jones*, 289 B.R. 436, 440–42 (Bankr.M.D.Ala.2003). *In re Shields*, 524 B.R. 769, 772 (Bankr.E.D.Tenn.2015). This power is derived from the court's need to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.*), 570 F.3d 1257, 1263 (11th Cir. 2009) (quoting *Bank of N.Y. v. Sunshine-Jr. Stores, Inc. (In re Sunshine Jr. Stores, Inc.*), 456 F.3d 1291,1304 (11th Cir. 2006)). The Eleventh Circuit has recognized that, " such injunctions may be appropriate to protect both the court and its staff, as well as the right of all litigants in the federal system" against "abusive and vexatious litigation*." In re United States Corp. Co.*, No. 20-40375-KKS, 2021 WL 1100078, at 4 (Bankr. N.D. Fla. Jan. 22, 2021)(citing *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986).

18

Under 11 U.S.C. §105, a court may issue any order or take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of the process" and "allowing patently frivolous claims to continue would harm the integrity of the judicial system.". *In re United States Corp. Co.* at 3, 4.; *see also In re Moise*, 575 B.R. 191, 206 (Bankr. E.D.N.Y. 2017)(holding that pursuant to 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy histories" from filing future pleadings without first obtaining leave of the court is one restriction that can be imposed by a trial court).

Ezell's voluminous repetitive filings and disregard for prior court orders constitute sufficient grounds for injunctive relief. Ezell has unnecessarily multiplied proceedings by repetitively seeking adjudication of the same issues in state court, federal district court, and bankruptcy courts. Despite a myriad of adverse court rulings, dispelling his mortgage contests and apprising him of jurisdictional limitations, he has continued his attempts to delay the Mortgage Creditors from their state court remedies. He has instituted actions against creditors while in bankruptcy without court approval, has had multiple cases pending at the same time, and sought to reopen this case when he had another Chapter 13 bankruptcy pending in New Jersey.

Ezell has also failed to follow court orders. Despite this Court's 2019 Orders (docs. 214, 220) abstaining, granting relief from the stay and directing Ezell to adjudicate the mortgage and foreclosure issues in New Jersey, Ezell seeks at this late date to revisit such arguments in this Court. The prior decisions of the New Jersey Bankruptcy Court and the United States District Court of New Jersey have made clear that the lower federal and bankruptcy courts are not the appropriate forum for his purported mortgage disputes yet he continues to pursue litigation in this Court. Ezell's venue for relief, if available, is in New Jersey.

This Court reopened this case to afford Ezell the opportunity to file the necessary documents to receive a discharge. Although Ezell has not filed a Certification of Completion of

19

Instructional Course Concerning Personal Financial Management, he has submitted over 30 filings since this case was reopened. As the instant Chapter 13 was completed over three years ago and the pursuit of Ezell's purported claims against the Creditors would yield no benefit to the Chapter 13 Estate, there was no credible justification for Ezell's request to reopen this case or the multitude of documents he has filed thereafter.

One cannot seek multiple bites of the apple under the guise of due process. As Judge Gravelle's Letter Decision recognized, there is no deprivation, constitutional or otherwise, in requiring Ezell to present his arguments related to the validity of the mortgages in the state court. Considering the web of overlapping pending cases, filing of repetitive documents, multitude of delays, and disregard for prior court orders, this Court finds it necessary and appropriate to enjoin Ezell from filing another bankruptcy in this jurisdiction for a period of 1 year.

<u>CONCLUSION</u>

Based on the above, it is hereby ORDERED, ADJUDGED, and DECREED as follows: (1) the Trustee's Motion to Close this Case without a Discharge is GRANTED; (2) The Clerk of Court is directed to re-close this case without a discharge; (3) James Ezell is enjoined from filing another bankruptcy in this jurisdiction for 1 year; and (4) any other pending motions or matters not addressed herein are mooted by the dismissal of this case.

Dated: April 1, 2024

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

21